IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS HARRIS, ID # 27403-077, | ) | |
| Movant, | ) | No. 3:08-CV-0060-O (BH) |
| vs. | ) | No. 3:04-CR-0347-H (01) |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge his federal sentence in Cause No. 3:04-CR-0347-H. The respondent is the United States of America (Government).

B. Factual and Procedural History

In Cause No. 4:96-CR-066-A, movant pled guilty to committing bank fraud in violation of 18 U.S.C. § 1344, and was sentenced to fifty-seven months imprisonment with a five-year term of supervised release. On February 10, 2005, the Court revoked movant's term of supervised release, and sentenced him to twenty-four months imprisonment. Movant thereafter unsuccessfully pursued an appeal and writ of certiorari. On November 1, 2007, Amendment 709 of the Sentencing Guidelines became effective.

Based upon Amendment 709, movant filed the instant motion to vacate in January 2008. He contends that he is entitled to relief under 28 U.S.C. § 2255 because the amendment clarifies terms in a sentencing guideline that was applied to him. Because the amendment clarifies rather than makes a substantive change to the guidelines, he argues that the amendment is retroactively applicable. In its response in opposition, the Government indicates that movant's reliance on Amendment 709 is more properly raised in a motion for reduction of sentence filed pursuant to 18 U.S.C. § 3582(c)(2). The Government, nevertheless, urges the Court to deny the § 2255 motion because Amendment 709 is not retroactively applicable, and thus provides no valid basis for relief.

## II. AMENDMENT 709

Movant brings the instant motion to vacate under § 2255 because he believes that Amendment 709 to the Sentencing Guidelines applies retroactively and provides for a reduction in his sentence. Movant's claim is more appropriately pursued pursuant to 18 U.S.C. § 3582(c)(2). *See, e.g.*, *United States v. Ellis*, Nos. 2:05-CR-20122-001-JWL; 08-2135-JWL, 2008 WL 2858808, at *2-3 (D. Kan. July 22, 2008) (construing § 2255 motion raising Amendment 709 as a motion filed pursuant to § 3582(c)(2)); *Kimble v. United States*, Nos. 4:05-CR-00253-WRW, 4:08-CV-00365-WRW, 2008 WL 2873738, at *1 (E.D. Ark. July 21, 2008) (recognizing that issues related to Amendment 709 are "more appropriately presented under 18 U.S.C. § 3582(c)(2)", and further recognizing that "the result is the same" under either statute); *United States v. Grimaldo*, No. CRIM.A. C-06-93 (1), 2008 WL 1776398, at *1 (S.D. Tex. Apr. 18, 2008) (denying § 3582(c)(2) motion for reduction of sentence based upon Amendment 709).

Whether considered under § 2255 or § 3582(c)(2), the instant motion entitles movant to no reduction in sentence. Amendment 709 is not retroactively applicable. *See* U.S.S.G. § 1B1.10(c)

(2008) (omitting Amendment 709 from list of amendments made retroactive); *United States v. Cofield*, 259 Fed. App'x 575, 576 (4th Cir. 2007) (per curiam) (recognizing that Amendment 709 is not retroactively applicable), *cert. denied*, 128 S. Ct. (2008); *Grimaldo*, 2008 WL 1776398, at *1 (same). Because Amendment 709 is not retroactively applicable, movant is not entitled to relief under either § 2255 or § 3582(c)(2).[1]

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice. It is further **RECOMMENDED** that the Court **DENY** the motion to the extent it should be considered under 18 U.S.C. § 3582(c)(2).

**SIGNED this 15th day of September, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if an amendment is retroactively applicable, the court is not required to apply it retroactively. *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (per curiam) (decision whether to reduce sentence left to discretion of trial court); *United States v. Pardue*, 36 F.3d 429, 430 (5th Cir. 1994) (per curiam) (same). Movant presents no compelling reason to reduce his sentence even if the Court were to consider Amendment 709 to be retroactively applicable. He merely argues that the proper guideline range under Amendment 709 would be eight to fourteen months instead of twelve to eighteen. He does not specify how the amendment would otherwise affect the twenty-four month sentence he received after the revocation of his supervised release.

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE